Anna SIVIETZ
v.
**YELLOW CAB COMPANY**
and
Fred Hoagland.
Civ. A. No. 22890.

United States District Court
E. D. Pennsylvania.
Jan. 10, 1958.

S. Gerald Litvin, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

James J. Leyden, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Yellow Cab Co.

James J. McEldrew, Philadelphia, Pa., for Fred Hoagland.

GRIM, District Judge.

This is a diversity action for damages arising from an automobile collision on August 29, 1955, in this District. Plaintiff is a citizen and resident of Florida. Defendant Yellow Cab Company is a Pennsylvania corporation. Defendant Hoagland is a citizen and resident of New Jersey.

The complaint was filed on July 5, 1957. In conformity with the Pennsylvania Nonresident Motorist Act, the Act of May 14, 1929, P.L. 1721, as amended, 75 P.S. § 1201 et seq., and the Pennsylvania Rules of Civil Procedure, No. 2076 et seq., 12 P.S.Appendix, defendant Hoagland was served on July 17, 1957, by service upon the Pennsylvania Secretary of the Commonwealth and by registered mail sent to Hoagland's last known address in Metuchen, New Jersey. Before service was made, Hoagland had moved from Metuchen to Spotswood, New Jersey. Consequently the post office returned, with the notation that it was "unclaimed", the envelope containing the summons and complaint which had been sent to Hoagland at his address in Metuchen.

On September 30, 1957, Hoagland filed a motion to dismiss the action for improper venue, on the ground that this District is not a District where all the defendants reside, 28 U.S.C.A. § 1391(a). Plaintiff opposes the motion to dismiss. Defendant Yellow Cab Company does not join in the motion to dismiss.

■■ Since both defendants do not reside in this District, venue is improper, and defendant Hoagland's motion to dismiss would be granted if he had filed it within the proper time. Proper venue is a privilege which can be waived, Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, and it is waived unless asserted within twenty days after service. The question of improper venue must be raised by pleading or motion to dismiss, which, to be valid, must be filed within twenty days after service, Fed.R.Civ.P. 12, Moore's Federal Practice, Sec. 12.06 [5], footnote 4, or within three days additional when service has been by mail, Fed.R.Civ.P. 6(e), 28 U.S.C.A.

Since service was made on July 17th and the motion to dismiss was not filed until September 30th, the motion obviously was filed beyond the 23 days allowed. The motion to dismiss was thus filed too late and the privilege of proper venue has been waived.

■ Because of the error in Hoagland's mailing address, he did not actually receive the summons and complaint until September 13, 1957, which was already more than 23 days after service had been made, putting him in the unhappy position of having received the official papers in the case at a time when it already was too late to raise the venue question. In view of this, Hoagland contends that the time for filing the motion to dismiss should be computed from September 13th. The Rule, however, provides that pleadings and motions must be filed within twenty days after "service." In a case of substituted service, such as this, the date of the defendant's actual receipt of summons, complaint, or notice

is of small moment compared with the date on which service is made in conformity with the governing rule or statute. If judgment had been entered against Hoagland by default and he now were attempting to open the judgment, a more serious problem would be presented. Even in such a case Hoagland might have a hard row to hoe. See Wax v. Van Marter, 1937, 124 Pa.Super. 573, 189 A. 537. It should be pointed out that since plaintiff has not taken judgment by default, the denial of this motion to dismiss has not put Hoagland out of court or denied him the right to raise any defense he may have on the merits. Indeed, as a resident of New Jersey he will be at no great disadvantage in litigating his case in Philadelphia, where the collision occurred.

It should be noted also that Hoagland has not applied to the court under Fed.R. Civ.P. 6(b) for enlargement of the time to file his motion to dismiss, which normally would be granted routinely when there is a good excuse, such as failure to receive official notice. Since the accident happened on August 29, 1955, the period of the statute of limitations expired on August 29, 1957. On August 2, 1957, plaintiff's counsel wrote to Hoagland's insurance company notifying it of the filing of the present suit. Although the insurance company knew of the suit a substantial time before the limitation period had expired, it and Hoagland, its insured, waited until after the limitation period had expired before filing the motion to dismiss. Under the circumstances the court would not extend the time for filing the motion to dismiss nor would it treat the motion as though it had been filed within the proper time, since to do so would, because of the inaction of Hoagland and the insurance company, strip plaintiff of her cause of action against Hoagland.

The motion of defendant Hoagland to dismiss the action is denied.