Frank HOFFMAN and Rose Hoffman

v.

John Henry KENNEDY
and
Clarence L. Moor.

Civ. A. No. 27793.

United States District Court
E. D. Pennsylvania.

Jan. 15, 1962.

Richter, Levy, Lord, Toll & Cavanaugh, Philadelphia, Pa., for plaintiffs.

Sidney L. Wickenhaver, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendants.

JOHN W. LORD, Jr., District Judge.

The issue for decision in this motion is whether or not the defendants should be allowed additional time in which to make an answer to the complaint. The action arises out of a collision which occurred on Route U. S. 1 in Bucks County on June 23, 1958. Argument on this motion revealed that the plaintiffs, who are residents of New York, negotiated through their New York attorney with the defendants' insurance carrier in New York. The parties patently resolved nothing by these discussions. Thereupon, the plaintiffs' New York counsel forwarded the case to a Philadelphia law firm which is opposing this motion for enlargement of time. A complaint was filed in this court on March 4, 1960. Service of the complaint was attempted under the provisions of the Pennsylvania Non-Resident Motorists Act. 75 P.S. §§ 2001, 2002. The United States Marshal, in complying with the mandate of the Pennsylvania statute, sent to the Michigan and Georgia defendants copies of the complaint by registered mail. This mail was returned to the Marshal with such markings as "Moved—left no address" or "Unknown." The defendants remained without actual notice until, on August 18, 1961, the defendants' insurer, in checking the files of the Pennsylvania Secretary of the Commonwealth because of the prolonged inactivity of settlement negotiations, discovered that the complaint was filed on March 4, 1960. The defendants now move to enlarge the time in which to answer the complaint on the merits.

The Federal Rules of Civil Procedure, 6(b) (2), 28 U.S.C., states the principle to be applied:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."

■ The Court has considerable discretion in granting or denying any motion for enlargement of time. Alfred Hofmann, Inc. v. Textile Machine Works, 27 F.Supp. 431 (E.D.Pa.1939). The above Rule has been held to inculcate into Federal practice the liberal equity rules of enlarging time where substantial justice will be served. Schiavone-Bonomo Corporation v. Buffalo Barge Towing Corporation, 134 F.2d 1022 (2nd Cir. 1943); Fed.R.Civ.P., Rule 1.

The recent case decided by Judge Grim, Sivietz v. Yellow Cab Company, 21 F.R.D. 288 (E.D.Pa.1958), has been urged by both parties as the case that should control the disposition of this case. We feel that the facts in that case are inapposite to the problem at hand.

In Sivietz, the court denied a motion to dismiss for improper venue because the motion was filed more than twenty-three days after service by mail. Judge Grim found that the circumstances there present militated against the granting an enlargement of time. The plaintiff's attorney informed defendant's insurance company of the suit, but neither the defendant nor the insurer did anything about urging improper venue until the statute of limitations had expired. Judge Grim said (p. 290):

"It should be noted also that Hoagland has not applied to the court under Fed.R.Civ.P. 6(b) for enlargement of the time to file his motion to dismiss, which normally would be granted routinely when there *is a good excuse, such as failure to receive official notice.* Since the accident happened on August 29, 1955, the period of the statute of

limitations expired on August 29, 1957. *On August 2, 1957, plaintiff's counsel wrote to Hoagland's insurance company notifying it of the filing of the present suit.* Although the insurance company knew of the suit a substantial time before the limitation period had expired, it and Hoagland, its insured, waited until after the limitation period had expired before filing the motion to dismiss. Under the circumstances the court would not extend the time for filing the motion to dismiss nor would it treat the motion as though it had been filed within the proper time, since to do so would, because of the inaction of Hoagland and the insurance company, strip plaintiff of her cause of action against Hoagland." (Emphasis supplied)

Manifestly, the instant situation is just the converse of the one which was before Judge Grim in the Sivietz case. There after plaintiffs' counsel informed defendants' insurance company of the suit, it was the defendant and his insurer who engaged in the delaying tactics. In view of the reprehensible stalling that caused the motion to dismiss for improper venue to be made after the statute of limitations had run, Judge Grim's refusal to extend the time was sound.

In Melo v. Bailey, 191 F.Supp. 11 (E.D.Pa.1960), Judge Wood said:

"This is a personal injury action in which the service was made on the defendants pursuant to our Order deputizing the United States Marshal in Trenton, New Jersey to serve the defendants. Service was made accordingly on July 6, 1960, but the suit papers were not transmitted to the parties responsible for the defense of the action until about September 30, 1960. Counsel for plaintiff, although willing to extend defendants' time in which to file an answer, opposes any extension of time for defendants to attack the validity of the service.

"Rule 6(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., permits the Court in its discretion to allow an act to be done where the failure to act was the result of 'excusable neglect.' Thus, the sole issue here presented is whether the defendants' failure to move within the time allowed by the Rules constitutes 'excusable neglect' within the meaning of Rule 6(b).

"*Since there was no attempt on the part of the defendants to delay this action, and since the validity of service is basis to the jurisdiction of this Court over the parties, we hold that the defendants' failure to move within the time allowed by the Rules was excusable neglect.*" (Emphasis supplied)

Judge Wood's opinion accords with the spirit of Rule 6(b) (2) commented on by Professor Moore. 2 Moore's Federal Practice § 6.08 at 1483. He states:

"In accordance with the mandate of Rule 1, that the Rules should be construed 'to secure the just, speedy and inexpensive determination of every action', the Courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice." (Professor Moore's footnotes are omitted)

We believe that the defendants should be granted additional time to answer the complaint. We have reached this result only after thorough consideration of the conflicting interests involved. Where, as here, a court is accorded discretion to make a decision the result is sometimes difficult to reach.

In this case, plaintiffs' managing counsel in New York negotiated with the defendants' insurer over a period of time and may have caused the latter to overlook possible litigation. Problems of service have reached the Supreme Court and, in one of these cases, a philosophy was stated that is pertinent here. Service of process should be giv-

en in the most efficient manner that will insure notice of suit. Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949). While the Mullane case is not dispositive of the problem in this case—it, at least to this court, prompts us to query as to why no notice of suit was sent to the insurer in New York where pre-litigation negotiations had taken place, particularly where it was obvious to plaintiffs' counsel that actual service could not be made on the defendants. The peculiar facts in this case lead us, in the exercise of liberality, to allow an answer on the merits by the defendants.

The motion of the defendants for enlargement of the time in which to answer the complaint will be ALLOWED with twenty (20) days given to make said answer.