**Daniel WHORTON et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 438–82L.

United States Claims Court.

Dec. 13, 1982.

R. John Barrett, Norfolk, Va., attorney of record for plaintiff. Vandeventer, Black, Meredith & Martin, Norfolk, Va., of counsel.

Michael W. Reed, Washington, D.C., Land and Natural Resources Division, U.S. Dept. of Justice, for defendant.

## ORDER

KOZINSKI, Chief Judge.

In a terse motion dated October 29, 1982, defendant requested a 30-day enlargement to file its answer, representing as follows:

> The reasons upon which this motion for enlargement are [sic] based are that the files necessary to prepare an answer to the petition are located in the U.S. Attorney's Office in Norfolk and it and the Customs Service need the additional time to prepare their respective files for the use of the Department in the drafting [typing garbled].[1]

The clerk granted the motion pursuant to RUSCC 77.2, enlarging the time to file an answer to December 1, 1982.

On December 1, 1982, defendant moved for a second 30-day enlargement. In support of the motion, counsel represented as follows:

> Through an inadvertance [sic], our client agency, the United States Customs Service, never received the Justice Department's request for a litigation report setting forth the factual background of this matter and the truth or falsity of the factual allegations of the Petition.

These pleadings violate four important principles pertaining to the preparation and

---

1. While it is not always possible to eliminate typographical errors from written work, the court does expect counsel to proofread pleadings to avoid gross misprints and obvious errors in grammar or syntax.

filing of motions for enlargement. Because the violations raise problems that the court encounters with some regularity, the four principles merit discussion.

■ *First,* counsel has the responsibility of ensuring that representations he makes to the court are accurate. Counsel here represented that the U.S. Customs Service and the U.S. Attorney's Office needed additional time to prepare files for the defense of this action. We now learn that this was not the case. At the time counsel made these representations, the client agency was unaware of this litigation and therefore was not in the process of preparing its files or anything else in connection with this case. While counsel's first motion may have reflected his best assumption as to the reasons for the delay, an attorney's representation must go far beyond benign ignorance or a best guess. Counsel has a responsibility to inform himself as to the actual facts and to limit his representations to those matters he has been able to verify with some degree of accuracy.[2]

■ *Second,* counsel must make diligent efforts to comply with the time limits applicable to pleadings, responses to discovery and other matters. An enlargement of time can be a useful device but should be viewed as the exception, not the rule. While an attorney does not always have full control over his schedule or that of his client, counsel must make a good faith effort to meet deadlines. From what the court can gather, in this case counsel sent the client agency a request for a litigation report and, when the answer came due, put in a routine motion for enlargement. The court strongly disapproves of this practice. When a pleading is due which requires the client's input, counsel has a responsibility to keep in touch with the client on a regular basis to assure that the matter is being given the appropriate attention.

■ *Third,* a motion for an enlargement must contain something more than counsel's bald assertion that additional time is needed. Even when unopposed, the motion must make some persuasive showing as to why the court should permit a waiver of the time limits set forth in its rules. *See Cervetto Building Maintenance Co. v. United States,* No. 215–81C (Ct.Cl. Trial Div. Sept. 20, 1982). The motion must show at the very least that counsel has been working on the case diligently or that he has been prevented from doing so by significant matters beyond his control.

■ *Fourth,* counsel has a responsibility to file an enlargement motion as soon as the need therefor becomes apparent. The court strongly disapproves of the practice of filing motions for enlargement on exceedingly short notice. In this case, counsel filed the first enlargement motion on the last business day before the answer was originally due; he filed the second motion on the day the answer was next due. Presentation of such late enlargement motions puts the court and opposing counsel in a difficult position. Because the time for a response to the motion frequently exceeds the time requested, the court must often rule without the benefit of a response or let the passage of time render the motion moot. Moreover, the court's discretion in ruling on the motion is limited, since denial of the enlargement may impose upon the client a forfeiture which is wholly disproportionate to counsel's transgression.

Unexpected events, the press of other work or unanticipated difficulty in preparation of a pleading may prevent counsel from meeting a deadline and under such circumstances a short-notice motion for enlargement may be appropriate. However, any such motion must carefully explain the reasons why it could not have been filed in a more timely fashion.[3] Under no circum-

---

**2.** An attorney is not, of course, the guarantor of the facts he represents to the court. Misperceptions, mistakes, misrepresentations by others, changed circumstances may all serve to excuse a misstatement if counsel has made a good faith effort to obtain accurate information and promptly informs the court of any error.

**3.** Where a motion for enlargement is based on the occurrence of an unanticipated event, counsel must file the motion promptly upon learning of the event.

stances is there a justification for requesting a last-minute enlargement, as in this case, when drafting of the underlying pleading has not even been commenced.

 To avoid unfair surprise and a substantial forfeiture, the court nevertheless allows the motion for enlargement but only until December 17, 1982. Any additional enlargements will be allowed only upon a showing of extraordinary cause.