**DEGENAARS COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 93–80C.

United States Claims Court.

Jan. 25, 1983.

As Amended Jan. 31, 1983.

James R. Scullen, Washington, D.C., attorney of record for plaintiff.

Stephen G. Anderson, Washington, D.C., Civil Division, U.S. Dept. of Justice, for defendant.

## ORDER

NETTESHEIM, Judge.

This matter has reached the court on defendant's motion for a 45-day enlargement of time to file its cross-motion for summary judgment, which was filed on January 10, 1983, the date the previous extension expired.[1]

The primary reason for this motion is that "agency counsel assigned to this case, who was expected to provide substantial assistance in preparing the Government's motion, was obliged to go on maternity leave for a period of four months." Defendant's initial request for 30 days' additional time also recited the "unavailability of agency counsel who tried the case."

In addition, both requests for extension specified other litigation commitments. Defendant's instant motion, states that counsel will be out of the country, from

---

1. Defendant's motion for its original extension designated January 9, 1983, a Sunday, as the due date for its pleading.

January 10 through January 19, 1983, although apparently trial counsel was present in the United States on January 10 to sign the moving papers.[2]

■ This motion for enlargement of time is not routine. Defendant's first request was unnecessary. The trial judge on July 2, 1982, ordered defendant to file its cross-motion 60 days after service of plaintiff's motion. The latter was filed on November 12, 1982. Absent from the record is any indication that the July 2 order was modified.[3] In fact, the previous briefing schedule must be given effect by this court, General Order No. 1(2), U.S. Cl.Ct. Preceding Rule 1, 28 U.S.C.A., because no judge of the U.S. Claims Court has modified or rescinded it. Therefore, defendant's cross-motion was due by January 11, 1983, 60 days after November 12, 1982. The court must ·infer that defense counsel, having been served by hand with plaintiff's papers, considered himself bound by the 28-day time response period on summary judgment pursuant to RUSCC 83.2(c). Defendant thus was not out of time under the July 2, 1982 order.

A motion for enlargement of time is governed by the requirements of RUSCC (6)(b)(1), which were explicated recently in *Whorton v. United States,* 553 F.Supp. 400 (1982) (order allowing enlargement of time) (KOZINSKI, C.J.). Three of the *Whorton*'s four principles relating to the filing of these motions are applicable to this case.

■ The second principle in *Whorton* is that counsel must make diligent efforts to comply with the time limits applicable to pleadings. The U.S. Court of Claims on January 22, 1982, entered an order governing further proceedings in this case, concluding pertinently:

> Because the contract out of which this case arises was entered into in 1960, the court desires that this matter now proceed with all reasonable speed and with a minimum of time extensions, if any, for the additional briefing and amendment of motions.

This order is binding on this court under General Order No. 1(2), *supra.*

Defense counsel now represents that a 45-day delay in filing due to plaintiff's extension caused defendant to prepare its response without the assistance of agency counsel. Yet, counsel stated that he did not object to plaintiff's September 10, 1982 30-day request for time, and he failed to respond to the later request for 15 days.

Given the admonition of the Court of Claims, defendant was obligated to oppose plaintiff's requests if the net result was to permit plaintiff to file coincident with agency counsel's departure on four months' maternity leave.[4] If defense counsel was unaware of the imminence of the leave, he does not so state, nor is an emergency suggested.

With respect to the third *Whorton* principle that a motion for enlargement must contain substantial reasons upon which the motion for enlargement is based, counsel's statement that he personally has been required to work on the motion without agency assistance is undermined by his resting the initial 30-day request based, in part, on the unavailability of agency counsel.[5] If

2. The signature of trial counsel was not initialed.

3. The court was assigned this case on January 25, 1983. While plaintiff's September 10, 1982 motion for a first extension refers to a subsequent schedule agreed upon by the parties at a meeting of August 30, 1982, no other record entry memorializes that schedule.

4. Defense counsel implies that the maternity leave commenced within the period September 30, 1982, when plaintiff's brief was originally due and November 12, 1982, when that brief was filed after two extensions totalling 45 days.

Thus, defendant is stating that had plaintiff adhered to the court-ordered schedule, agency counsel would have been available to assist between September 30 and November 29, 1982, when defendant's cross-motion would have been due absent plaintiff's extensions.

5. Counsel's absence from the United States from January 10–19, 1983, supports the amount of additional time requested, but does not excuse the failure to meet the original deadline. The litigation cited as justification for the prior extension was another case.

his review of the record and preparation of the cross-motion during the first extension disclosed problems not reasonably anticipated when he moved earlier, counsel does not identify them.

 The fourth principle in *Whorton* is the timeliness of a motion for extension of time. While it is not always practicable to file a motion for enlargement of time early enough to permit opposing counsel to respond 14 days after service, RUSCC 83.2(a), no excuse exists for filing a motion for extension on the date the time for filing expires. Fed.R.Civ.P. 6(d), which allows federal district courts to shorten response periods and thereby to expedite consideration of any motion, was not adopted in RUSCC 6, but RUSCC 77.1(a) allowing U.S. Claims Court judges "to manage assigned cases so as to provide for prompt management of business," is to the same effect. Consequently, filing motions for extensions as soon as a precipitating event arises is essential. If such a motion is filed within 14 days in advance of the expiration of a prior deadline, counsel should move for expedited consideration; recite in the motion the agreement or opposition of opposing counsel; if opposed, ask that the response period be abbreviated; and request a ruling before the expiration of the deadline.

Because defense counsel mistakenly truncated his response time, the motion for an extension to February 24, 1983, is granted, thereby according both parties 45-day extensions in this matter. Any additional enlargements will be allowed only upon a showing of extraordinary cause.