**LEBANON CHEMICAL CORPORATION**

v.

**The UNITED STATES.**

No. 377–82L.

United States Claims Court.

March 21, 1983.

Robert L. Ackerly, Washington, D.C., for plaintiff; Kenneth J. Ingram and Sachs, Greenebaum & Tayler, Washington, D.C., of counsel.

Diane L. Donley, Washington, D.C., with whom was Asst. Atty. Gen., Carol E. Dinkins, Washington, D.C., for defendant.

## ORDER RE: DEFENDANT'S MOTION TO FILE OPPOSITION TO MOTION COMPELLING DISCOVERY OUT-OF-TIME

YANNELLO, Judge.

On October 14, 1982, plaintiff filed a motion for an order directing defendant to produce certain documents. In the absence of any response by defendant, the motion was granted on November 8, 1982 (and counsels' attention was called to the new rules of the Claims Court by which such discovery could be initiated without court order.)

The defendant apparently responded to this discovery request on November 15 and, after conducting discovery, plaintiff, in a letter dated November 23, 1982, advised defendant of certain alleged deficiencies in the materials produced to that date.

On February 24, 1983, plaintiff filed a motion for an order compelling discovery. Defendant's response, if any, was due on March 10, but no response was received.

Plaintiff alleged, in its motion, that the defendant had not responded in any way to plaintiff's letter of November 23, 1982, and had taken no further action to address any of the alleged deficiencies in its production of documents.

Based on the statements in plaintiff's motion, and in the absence of any response thereto by defendant, the judge issued an order on March 16, 1983, noting that "without objection, plaintiff's motion was allowed".

■ On March 17, defendant filed the instant motion for leave to file its objections to plaintiff's motion out-of-time. The defendant, in support of this motion, argues that defendant's counsel was out of town "last week", i.e., presumably the week of March 7.

Counsel's absence during the week of March 7 does not explain why defendant did not, prior to that time or at any time during the six business (or nine calendar) days between February 24 and March 7, file either its response to the motion to compel or a request for an enlargement of time in which to furnish such response.

Thus, defendant has asserted no meaningful justification in support of its motion.[1]

■ Defendant further contends (in its proffered response in opposition to plaintiff's motion to compel) that plaintiff's motion to compel was "too vague and ambiguous to discern what plaintiff believes has not been provided and, therefore, is impossible of answer". Further, defendant argues that "if this court were to grant plaintiff's motion, defendant, based on plaintiff's motion, would be without knowledge as to which documents to produce."

This argument is unpersuasive, particularly in the present context.

The plaintiff's motion to compel clearly referenced the plaintiff's earlier description of the alleged deficiencies in defendant's production (i.e., plaintiff's letter of November 23, 1982) including the failure to pro-

[1] Defendant notes its belief that plaintiff has not been prejudiced by the lateness of defendant's response. However, it should be noted that the mere "absence of prejudice" will not serve as a full justification for the court to grant defendant leave to proceed out-of-time where defendant can offer no justification whatever for its own failure to act in a timely fashion (particularly where, as here, action has already been taken on the initial motions, by the court, in favor of plaintiff).

duce documents as to which defendant's personnel indicated a claim of privilege or attorney work product obtained. Plaintiff specifically requested a specific listing of such documents and an explanation in justification of the claims.

It is not unreasonable to presume that plaintiff could not proceed further, or with further specificity, until such information was received from defendant.

The defendant offers no explanation whatever for its failure to respond to plaintiff's letter of November 23.

It is not unreasonable to presume that defendant is itself aware of the documents which it has not produced to plaintiff and as to which it believes that privilege or attorney-work-product claims apply. Indeed, it is almost inconceivable that defendant's personnel could refer to such claims without a precise knowledge of the documents as to which the claims would relate.

If defendant were indeed unclear then as to the nature or extent of such deficiencies, it could have addressed follow-up correspondence to plaintiff at any time between November 23 and February 24—a period of some three months.

Such efforts may well have obviated the need for plaintiff to file its motion to compel, whereas defendant's continued silence surely justified plaintiff's attempt to seek an order from the court compelling defendant to follow through with the production ordered by the court on November 8, 1982 (in the absence then of any objection by defendant as noted above).

Moreover, defendant implies that it was not until its conversation with plaintiff of March 15, 1983, in connection with the present discovery controversy, that defendant's counsel, apparently for the first time, realized that plaintiff has not been furnished with a list of the documents withheld on the basis of privilege or attorney work product—this notwithstanding the fact that the plaintiff's letter of 23 November was specifically addressed to defendant's present counsel.

Such delays and lack of careful monitoring of the status of proceedings (including court-ordered discovery) are wholly inexplicable and intolerable.

Defendant now represents that a list of the documents withheld on these grounds will be furnished to plaintiff by March 21, 1983; indeed the furnishing of such list, at the least, has been mandated by the court's ruling of March 16.

Defendant further states that, after reviewing such list, plaintiff will notify defendant's counsel as to whether he believes other documents still exist and should be produced. In conclusion defendant argues that, based on the foregoing, plaintiff's motion to compel is inappropriate at this time and that it should be dismissed.

On the contrary, based on the foregoing, IT IS HEREBY ORDERED THAT:

(1) defendant's motion for leave to file out-of-time its response in opposition to plaintiff's motion to compel production of documents is DENIED as not containing sufficient justification for defendant's failure to act in a timely manner, except to the extent indicated in paragraph (3) below; and

(2) in order to avoid any further confusion, the following schedule shall be implemented: defendant shall, within 30 days of the date of this order, furnish to plaintiff all documents requested in the initial motion of October 14, 1982 (allowed by order of November 8, 1982) and not previously furnished, except to the extent indicated in paragraph (3) below; and

(3) leave is hereby GRANTED to defendant, solely for the purpose of filing, within 30 days of this order, a response to plaintiff's motion to compel to the extent that defendant formally asserts in this court a claim of privilege or attorney-work-product warranting the withholding of specific documents, which are the subject of the court's earlier ruling of November 8, 1982, which shall then be clearly described.