LOUISIANA–PACIFIC CORPORATION

v.

The UNITED STATES.

No. 305–78.

United States Claims Court.

June 10, 1983.

Alan I. Saltman, Washington, D.C., for plaintiff. Herman M. Braude, Jack Rephan, and Braude, Margulies, Sacks & Rephan, Washington, D.C., of counsel.

Janice Siegel, with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C., for defendant. Lawrence W. Puckett, Washington, D.C., of counsel.

YANNELLO, Judge.

### Order re: Motion for Enlargement of Time

An unpublished Order in this case was issued to the parties on June 7, 1983, containing the ruling set forth below. This further Order embodies that prior ruling, without substantial change, and is now being issued, for publication, to provide further discussion of the bases for that ruling.

This Order involves a procedural ruling on a motion for extension of time. Such matters, while usually routine, are becoming an all-too-common occurrence, and raise issues of increasing concern to the court. Accordingly, in order to provide guidance for future circumstances as well as to resolve the instant controversy, this detailed Order is now being issued.

At the outset, counsel should bear in mind that many of the difficulties addressed in this Order can frequently be obviated by prompt attention to due dates and by a cooperative spirit between counsel in proposing and concurring in reasonable extension requests.

### 1. Timing of Motions for Extension; Denials

Motions for extensions are frequently served on the day the filing in issue is due, or just a few days prior thereto. While awaiting any response from the opposing party, or any reply from the moving party,

and while affording the court an opportunity to consider and rule upon the matter, the due date may pass.

■ Counsel should be aware that, if this occurs, any denial of the motion may result in the moving party being precluded from filing the papers for which the extension was sought (referred to hereinafter as "foreclosure" or "forfeiture"). *See Whorton v. United States,* 1 Cl.Ct. 41, 42, 553 F.Supp. 400 (1982). In short, and to state the obvious, the filing of a motion for extension does not serve to toll the scheduled due date nor does it automatically serve to extend that due date until such time as the court rules on the extension motion.

■ In unique circumstances, the court, as a matter solely within its discretion, may, together with any denial of a motion for extension, provide *sua sponte* for a brief additional period for compliance beyond the date of the denial. However, this need not occur, and counsel should not rely upon any such favorable exercise of the court's discretion. When a motion for extension is denied and the scheduled due date has passed, the party may simply be foreclosed from any untimely compliance with the scheduled event.

■ Those circumstances which might warrant a foreclosure or forfeiture upon a denial of a motion for extension, and those which might warrant the exercise of the court's discretion so as to provide a brief additional time for compliance, must be determined on an *ad hoc* basis. Some consideration must, of course, be given to the timing of the filing of the extension motion and any responses thereto.

Moreover, in determining whether a forfeiture would unduly penalize the party for the extension request of counsel, it may be appropriate to consider the bases for the motion for extension and the role, if any, played by the party itself in connection with the need for the extension. This, as noted in section 2, below, may be particularly appropriate in certain circumstances when the ground for the extension is the "press of other business."

With respect to the timing of the defendant's motion for extension in the instant case, it is important to note that the date sought to be extended is a date for the filing by both parties of simultaneous post-hearing briefs. The briefs now being awaited are those relating to defendant's "Motion to Disqualify Plaintiff's Counsel." In connection with that Motion to Disqualify, the parties filed briefs and affidavits. Thereafter, on April 13, 1983, a hearing was held at which various individuals testified; the testimony paralleled, in most instances, the affidavits. Following the hearing, defendant's counsel indicated that additional briefing, and specific reference to the testimony, was desired. The judge, with counsel's concurrence, scheduled such briefs to be simultaneous and to be filed 15 days following receipt of the transcript of the hearing, which transcript was anticipated to be filed 30 days after the hearing.[1] As expected, the transcript was filed on May 17, with the briefs then being due on or about June 1.

On May 25, 1983, defendant filed the instant motion for extension to and including June 21. The motion was served on opposing counsel by mail and was apparently received on or about May 27, immediately preceding a holiday weekend and two working days before the simultaneous briefs were due. Plaintiff was understandably concerned about the possible disposition of this motion since it could well have an impact on the preparation and filing of plaintiff's simultaneous brief also.

■ When motions for extension are filed so near the due date, it is always desirable (merely as a courtesy if for no other reason) that opposing counsel be contacted and be advised of the intended motion, which contact should be referred to in

---

1. Noting that a 45-day total period for briefing was anticipated (30 days in which the transcript would be prepared and 15 days thereafter), the judge indicated that, if the transcript were filed in fewer than 30 days so as to shorten the total briefing period available to counsel, appropriate adjustments or extensions could be made.

the motion. In order to enable a ruling on the extension request before the expiration of the due date, it is equally desirable to obtain the consent of the opposing counsel to the extension, and to reflect this in the motion for extension. Given the circumstances of this case, and the anticipated simultaneity of the briefs, it was the more imperative that defendant consult with plaintiff prior to the filing of the motion, yet there is no representation in defendant's motion that this occurred.

Upon receipt of defendant's motion, plaintiff, on May 27, orally advised the court of its concern relating to the simultaneity of briefing. In order to afford plaintiff an opportunity to respond to defendant's extension request, without detracting from the time remaining in which to prepare its substantive brief, and to further eliminate the need for plaintiff to comply with the June 1 deadline for the substantive briefs (including the possible need to work over the holiday) in the event defendant's extension motion were granted, the plaintiff concurred in defendant's extension request to the extent of extending the deadlines to June 7. Quite possibly, had defendant contacted plaintiff before the filing of the extension motion, such agreement could also have been obtained and reflected in the motion itself—thereby eliminating a considerable measure of concern on the plaintiff's part and the need for court determination in this regard.

Pursuant to the advice received by plaintiff on May 27, an interim order was issued on May 31, extending the deadline for both parties to June 7.[2] The remainder of defendant's motion (for an extension to June 21) continued to be under advisement, and is now the subject of this Order.

Under the customary rules, defendant's reply, if any, would be due on or about June 13 (actually due on Saturday and thus carried forward to the following Monday) and if this reply were awaited, the scheduled due date of June 7 would have passed before a ruling could be issued on the extension motion. Defendant might then find itself in a possible forfeiture or foreclosure situation.

Accordingly, a ruling on defendant's motion was appropriate on June 7, even in the absence of any reply by the defendant as moving party. *See Whorton, supra; see also Degenaars Company v. United States,* 1 Cl.Ct. 129, 555 F.Supp. 403 (1983). For that reason, the ruling was issued to the parties by unpublished Order of June 7, and this further expositive Order follows.

### 2. Grounds for Extension; Press of Other Business

In essence, defendant's motion alleges the "press of other business" as the basis for this extension request. Defendant does not refer to any events prior to May 17.[3] The "other business" which is specifically addressed is as follows.

Between May 17 and the due date of June 1, counsel notes three other cases re-

---

2. Plaintiff's formal response was filed on June 1, confirming the advice furnished on May 27.

3. In this regard, defendant apparently misconstrued the scheduling of the briefs in issue. Since the precise date on which the hearing transcript would be filed could not be ascertained in advance, the briefs were to be due "15 days after the filing of the transcript." Defendant apparently believes that the only pertinent period is that between the transcript filing (May 17) and the due date (June 1). This is in error. The total period afforded for briefing was approximately 45 days—from April 14 (the day the hearing was completed) to June 1. (*See also* footnote 1 above.)

   The parties have had the benefit of the comprehensive prehearing briefs and affidavits—which the testimony closely paralleled. In addition, counsel have the benefit of their notes during hearing. The briefs in issue could well have been outlined if not partially drafted during the 30 days while waiting for the transcript. Upon the filing of the transcript, counsels' notes of testimony could be confirmed by the transcript and specific citations provided. Fifteen days from receipt of the transcript would seem quite adequate for that process.

   Notwithstanding the foregoing, however, a current reading of the transcript of the hearing reflects some possible confusion in this regard, and hence any misreading of the briefing schedule by defendant here does not form the basis for the ruling on its extension request.

quiring attention. One case involved settlement consideration terminating on May 23, and another case involved the preparation of a brief due on June 1 and preparation for oral argument on June 6.[4] Both of these matters appear to involve "routine" business. Only the third case, involving an "emergency appeal" in a court of appeals, appears to represent "unforeseeable" business—although defendant does not specify the efforts which were required of it in this connection.

The "press of other business" is frequently asserted as a ground for extension requests and it is perhaps well to establish for the record this court's view of that matter.[5]

The following discussion pertains to normal or routine business which counsel should expect in connection with its appearance in any litigation.

■ Any party appearing before the court bears the responsibility for its own actions, and may be ultimately affected by the actions of its counsel, in the course of the litigation.

■ Counsel are responsible, to each party for which (s)he appears, for providing full and adequate representation. Such representation includes timely response to court schedules. It is counsel's further responsibility to assure that its facilities are adequate to provide such representation for the parties which (s)he undertakes to represent.

■ Where a party utilizes its own (or "house") counsel, the court similarly requires adherence to its schedules. It is assumed that the party appearing before the court has made sufficient arrangement for its representation—or is prepared to accept appropriate penalty or sanction for any shortfall in its resources.

■ What the foregoing may imply is herein made explicit. The normal and foreseeable "press of business" and caseload of counsel is not a sufficient justification for the court to extend its otherwise appropriate—and generally applicable—schedules.[6]

■ Moreover, where either the scheduling of such routine business or the availability of counsel and resources is a matter within the control of the party or its counsel, there is no justification upon which to base an extension of the court's schedules.[7]

■ Rather, requests for such extensions of time should be limited to only those circumstances where the press of other business is either unforeseeable or is beyond counsel's or the party's control (e.g., circumstances where the "press of business" is clearly unforeseeable and is not the predictable result of counsel's or the party's inadequate staffing or resources).[8]

---

4. In connection with the timing of the filing on May 25, of defendant's Motion for Extension as discussed *supra*, it is noted that both of these matters appear to involve routine business which presumably was apparent and should have been discerned much earlier than the date of defendant's motion.

5. In granting a prior extension request by defendant for *other purposes*, the court by *notice* of January 12, 1983, noted that "no further extensions [for that purpose] will be allowed except for extraordinary intervening circumstances of which 'press of business' is not one." Thus, counsel was advised that the "press of business" was not construed as an extraordinary intervening circumstance.

6. To apply any other rule would permit of wholly unacceptable results. For example, a sole practitioner in great demand by litigants could, if (s)he accepted all potential clients and if "press of other (routine) business" were justification for unlimited extensions, tie up litigation for generations. A large corporation, represented by "house counsel," could, by simply reducing its in-house staff, delay the resolution of suits against it for decades.

7. Particularly where the availability of counsel is within the direct control of a party, the foreclosures or forfeitures resulting from any denial of a motion for extension asserting inappropriate "press of other business" contentions may not be deemed disproportionately harsh. *See also, Whorton v. United States,* 1 Cl.Ct. 41, 553 F.Supp. 400 (1982).

8. By way of illustration but not for purposes of establishment of firm criteria, such unforeseeable business may be construed as including the filing of motions for restraining orders or injunctions, requiring immediate attention, in cases for which counsel is already responsible, or the unexpected and uncontrollable need to respond to exigencies of a particular case— such as the need to amend a pleading to incorporate recent events.

■ When subject to suit, and unless otherwise specifically provided (*see, e.g.,* Rule 55(e) of the Rules of the U.S. Claims Court), the United States stands in no different position than, and is indistinguishable from, any other party to litigation.

■ In defending suits brought against it in this court, the government, like any other litigant, may assure the presence of adequate staff and counsel sufficient to meet the party's needs for representation in litigation or it must be prepared to accept the imposition of any penalties or sanctions, or the entry of any adverse judgments, which may result from the shortfall in its resources in this regard.

The guidelines enunciated herein are particularly applicable in the instant case.

As noted above, defendant's counsel cites two cases with which she has been busy between May 17 and June 1 which involve mere routine business (settlement consideration and briefing). There is no showing that either of these activities were other than events foreseeable in any litigation. Thus, the heavy workload of counsel may reflect government allocation of staff and resources inadequate to meet its overall litigation needs. Moreover, the extent of defendant's control over the scheduling of these activities is not known; however, the timing of settlement consideration may be an item over which the party retains some control.

The third case, an "emergency appeal," filed May 12, may involve a case of an unforeseeable nature, but there is no showing that counsel in the instant case had any previous connection with or responsibility for that action. Moreover, it is not clear that the United States, as a party to the instant litigation, could not have assigned the appeal to other, less burdened, counsel. In the rare circumstance where this can not be done, counsel burdened with other cases should *immediately* seek such extensions in those cases as are warranted.

■ Thus, defendant has failed to assert here a "press of other business" contention sufficient to warrant the granting of the extension sought.

### 3. *Decision*

Based on the foregoing discussion,

IT IS HEREBY ORDERED THAT defendant's motion for an extension of time to June 21, 1983, is DENIED.

Because of the presumed foreknowledge of the matters which counsel was required to address between May 17 and June 1, defendant should have filed its Motion for Extension at an earlier date, and any foreclosure or forfeiture resulting from a denial of the extension (on or after the due date, June 7) would not have been inappropriate.

However, assuming that this order has enunciated a construction of the rules and practices concerning extensions not previously anticipated by counsel,

IT IS FURTHER ORDERED THAT, in the court's discretion, the current due date of June 7, 1983, is extended to and including Monday, June 13, 1983.

This extension applies to the briefs of both parties and, if plaintiff's brief is received prior to the adjusted due date of June 13, it will not be furnished by the judge to the defendant until defendant's simultaneous brief is furnished.