**OSBERG CONSTRUCTION COMPANY**

v.

**The UNITED STATES.**

No. 92–83C.

United States Claims Court.

Nov. 9, 1983.

James A. Pemberton, Jr., Washington, D.C., for plaintiff; King & King, Washington, D.C., of counsel.

Alexander Younger, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

1. Plaintiff also filed a motion for summary judgment in Case No. 165–83C (which was consolidated with the instant case in March of 1983) on August 29, 1983. Defendant has made no response to this motion to date, and a motion for entry of default judgment, filed October 26, 1983, is currently pending in this court and shall be ruled upon forthwith. The court reminds the parties that contrary to defendant's contentions, default judgments can indeed be rendered against the United States pursuant to RUSCC 55(e), and that consolidation of two cases does not relieve the parties

## ORDER

REGINALD W. GIBSON, Judge:

This matter comes before the court on two motions, filed November 4, 1983, by defendant in response to plaintiff's motion for summary judgment. The first is a motion for leave to file out of time its motion for enlargement of time, and the second is a motion for enlargement of time, until November 10, 1983, to respond to plaintiff's motion for summary judgment. Both of defendant's motions are granted; however, the court admonishes defendant to take note of the court's deep concerns, expressed below, relating to the cavalier attention given to this case by defendant's counsel as reflected in his prolonged delay in filing the foregoing motions.

## FACTS

Plaintiff filed a motion for summary judgment in Case No. 92–83C on August 26, 1983.[1] Under RUSCC 83.2(c) and 6(c),[2] defendant's response to plaintiff's motion was due on September 26, 1983. Defendant permitted this due date to pass without, as of this date, making any response whatever to plaintiff's motion for summary judgment. Plaintiff then, as a consequence thereof, filed a motion for entry of default against defendant on September 28, to which defendant did not respond until October 17, 1983, or for a period of nearly three weeks. In said response, defendant stated only that its failure to respond in a timely manner in opposition to plaintiff's motion for summary judgment was due to excusable neglect because of a complicated bid protest case in which its counsel was involved between September 20 and 28, 1983. Defendant's

from the responsibility to respond to pleadings filed in each case. *See National Nut Company of New York v. Susu Nut Company,* 61 F.Supp. 86, 88 (N.D.Ill.1945); *see also Johnson v. Manhattan Railway Company,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); *Zdanok v. Glidden Company,* 327 F.2d 944, 950 n. 6 (2d Cir.), *cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

2. Rules of the United States Claims Court.

October 17 response in opposition to plaintiff's motion for default judgment also failed to tender a response to plaintiff's motion for summary judgment, and, even more significantly, did not indicate when such a response would be forthcoming.

In its motions of November 4, defendant noted a number of commitments between September 16 and October 31, 1983, which precluded its counsel from responding to plaintiff's summary judgment motion. Defendant's counsel still neglected to mention any reasons preventing him from filing a response to plaintiff's summary judgment motion during the 21-day period prior to September 16, however, and likewise failed to provide reasons for his inability to file a motion for an enlargement of time during the seven-week period between September 16, when the "extraordinary and unforeseen demands" of the bid protest case became known to him, and November 4, 1983.

## DISCUSSION

■ The rule governing motions for enlargement of time in cases such as the one at bar, in which the specified period for filing a response has expired, is RUSCC 6(b)(2), which allows the court "for cause shown at any time in its discretion ... [to] permit the [response] to be [filed] where the failure to act was the result of excusable neglect; ...."[3] The party requesting an extension of time under this rule's counterpart under the Federal Rules of Civil Procedure has the burden to show that its neglect was excusable. *Yanofsky v. Wernick*, 362 F.Supp. 1005, 1012 (S.D.N.Y.1973); *Anderson v. Stanco Sports Library, Inc.*, 52 F.R.D. 108, 109 (D.S.C.1971). Naked allegations of inability to respond to a motion due to "the press of other business" have been held insufficient to show that the failure to respond in a timely fashion to a motion was "excusable neglect." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981); *Graham v. Pennsylvania Railroad*, 342 F.2d 914, 915 (D.C.Cir.1964); *Louisiana-Pacific Corp. v. United States*, 2 Cl.Ct. 743, 748 (1983) (Yannello, J.). Instead, this

court has held that "requests for such extensions of time should be limited to those circumstances where the 'press of other business' is either unforeseeable or is beyond counsel's or the party's control...." *Louisiana-Pacific Corp.*, 2 Cl.Ct. at 748.

In the instant case, defendant has alleged a number of unforeseen commitments between September 16 and October 26 which arguably could warrant an extension of time for a full response to plaintiff's summary judgment motion. *See id.* at 748 n. 8 for an illustrative list of qualifying exceptions. Defendant has provided no viable reason, however, to show why it could not respond to plaintiff's motion during the 21-day period between August 26 and September 16 or the nine-day period between October 26 and the belated filing of defendant's motion on November 4. More importantly, defendant has provided absolutely no reason why it did not file a motion for an enlargement of time when the above-noted unforeseeable commitments were forced upon its counsel.

Defendant's tardy motions thus violate two of the four principles pertaining to enlargement motions laid down in *Whorton v. United States*, 1 Cl.Ct. 41, 42–43, 553 F.Supp. 400 (1982) (Kozinski, C.J.). First, counsel has not complied with the second principle in *Whorton* that he make diligent efforts to comply with the time limits applicable to pleadings and responses. Second, counsel has not fulfilled his responsibility under the fourth principle in *Whorton* to file an enlargement motion as soon as the need therefor becomes apparent. *See Degenaars Co. v. United States*, 1 Cl.Ct. 129, 131, 555 F.Supp. 403 (1983) (Nettesheim, J.); *Lebanon Chemical Corp. v. United States*, 2 Cl.Ct. 108, 109 (1983) (Yannello, J.). This court therefore finds that the "press of other business" alleged by defendant's counsel does not constitute sufficient "excusable neglect" to merit the granting of his motion.

■ In this area, the courts are permitted wide discretion under Rule 6(b), how-

---

**3.** This rule is identical to Rule 6(b)(2) of the Federal Rules of Civil Procedure.

ever, to grant motions for enlargement of time when substantial interests of justice will be served by doing so. *Hoffman v. Kennedy,* 30 F.R.D. 50, 51 (E.D.Pa.1962); *Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp.,* 134 F.2d 1022 (2d Cir.1943). Rule 6(b) has therefore been construed to accord with the injunctive mandate of Rule 1, so as "to secure the just, speedy, and inexpensive determination of every action." [4] 4 C. Wright and A. Miller, Federal Practice and Procedure § 1165 (1969); 2 Moore's Federal Practice ¶ 6.08 (1983); *Hoffman,* 30 F.R.D. at 52; *Schram v. O'Connor,* 2 F.R.D. 192, 194 (E.D.Mich. 1941). Under these guidelines, the courts have looked to factors such as the existence of prejudice to the opposing party and bad faith on the part of the moving party as guideposts to the exercise of their discretionary powers. *United States v. Miller Brothers Construction Co.,* 505 F.2d 1031, 1035 (10th Cir.1974); *Staggers v. Otto Gerdau Co.,* 359 F.2d 292, 296 (2d Cir.1966).

In the particular circumstances of the case at bar, it appears to the court that the interest of justice will be served by permitting the defendant the brief extension it seeks in which to file a response to plaintiff's summary judgment motion. This is so because plaintiff's motion for default against the United States, which this court would have to rule upon if defendant's present motion were denied, would require a ruling essentially similar to a ruling on the merits. *See* RUSCC 55(e); [5] C. Wright and A. Miller, *supra,* § 2702. It is in the interest of justice and a speedy termination of this litigation that at this stage in the proceedings, the minor delay requested by defendant be endured. The court agrees with defendant's contentions that plaintiff will not be prejudiced by the granting of this motion, and sees no indication of bad faith on the part of defendant.

In light of the extant circumstances, and with the foregoing admonitions in mind,

**4.** The identical language is contained in RUSCC 1.

**5.** RUSCC 55(e) provides that "No judgment by default shall be entered against the United

this court shall grant both of defendant's motions and permit an enlargement of time for defendant's response to plaintiff's motion for summary judgment until November 10, 1983. Any further enlargement after that date shall be permitted only upon a strong showing of extraordinary cause.

IT IS SO ORDERED.

States unless the claimant establishes his claim or right to relief *by evidence satisfactory to the court.*" (Emphasis added.)