**M.R.K. CORPORATION, a Washington Corporation, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 493–83L.**

United States Claims Court.

Nov. 14, 1984.

Thomas S. Hayward, Seattle, Wash., for plaintiff.

Rebecca A. Donnellan, Washington, D.C., with whom was Asst. Atty. Gen. F. Henry Habicht, II, Washington, D.C., for defendant.

ORDER

KOZINSKI, Chief Judge.

Defendant seeks an enlargement of time within which to file its response to plaintiff's Motion to Join Additional Parties Plaintiff, filed October 26, 1984. Defendant's motion was filed on November 5, 1984, and reads in full as follows:

The United States moves this Court pursuant to Rule 6(b) for an 8 day extension of time in which to file its response to MRK's motion to join additional parties. The United States' reply is due to be filed on November 5, 1984. This motion would permit filing of the United States' response on November 13, 1984. The reason for this motion is that counsel for the United States has been away from her office for much of the period since the time MRK's motion was received. The motion was filed by leave of court on

October 26, 1984. MRK will not be prejudiced by such extension. Counsel for the United States has been unable to reach counsel for MRK to discuss this extension.

■ RUSCC 6(b) allows the court to enlarge the period in which any act may be done upon motion "for good cause shown." Defendant's motion falls far short of establishing good cause. The sole basis for requesting more time is counsel's assertion that she has been away from her office "for much of the period" since plaintiff's motion was received. Defense counsel does not disclose how long she was away from her office or explain why the time she was in the office was insufficient to prepare a response. Moreover, she does not explain the nature of her other business, whether the absence from her office was avoidable or why her other commitments should be allowed to take priority over her responsibility to the court.* In short, defendant's motion contains little more than "counsel's bald assertion that additional time is needed." *Whorton v. United States,* 1 Cl.Ct. 41, 42 (1982). *See Lebanon Chemical Corporation v. United States,* 2 Cl.Ct. 108, 109 (1983). This does not constitute a showing of good cause upon which the court may exercise its discretion to waive the time limits set forth in the rules.

RUSCC 6(b) also requires a statement that opposing counsel has been contacted and an indication of whether or not an opposition will be filed. If the moving party is unable to reach opposing counsel, the motion must contain "an explanation of the efforts made to do so." This requirement is not satisfied by the unadorned assertion that "[c]ounsel for the United States has been unable to reach counsel for [plaintiff] to discuss this extension." The rule plainly calls for a description of what counsel has done to reach her opponent, not merely an admission that she failed.

Finally, defendant filed its motion on the day its response was due. *Whorton* teaches that "counsel has a responsibility to file an enlargement motion as soon as the need therefor becomes apparent." *Whorton,* 1 Cl.Ct. at 43. *See also Degenaars Co. v. United States,* 1 Cl.Ct. 129, 131 (1983); Order Governing Proceedings Before Trial, ¶ IV(m) (filed August 10, 1983) ("[i]n general, motions for enlargement must be filed at the earliest practicable time and make a persuasive showing that counsel has been working on the matter diligently or has been prevented from doing so by significant matters beyond his control").

■ A motion for enlargement filed on the day the pleading in question is due may require the court to act *ex parte* or to wait until the motion for enlargement is moot. This dilemma was specifically pointed out in *Whorton.* The court recognized there, and affirms here, that "[u]nexpected events, the press of other work or unanticipated difficulty in preparation of a pleading may prevent counsel from meeting a deadline and under such circumstances a short-notice motion for enlargement may be appropriate." *Whorton,* 1 Cl.Ct. at 43. However, as stated in *Whorton* "any such motion must carefully explain the reasons why it could not have been filed in a more timely fashion." *Id.* Counsel here has given no explanation for the delay in filing her motion.

It is therefore ordered as follows:

(1) Defendant's motion for an enlargement of time, filed November 5, 1984, is denied.

(2) Plaintiff's Motion to Join Additional Parties Plaintiff, filed October 26, 1984, is granted as unopposed.

---

* The "press of other business," unless unforeseeable or beyond counsel's control, is not adequate "justification upon which to base an extension of the court's schedules." *Louisiana-Pacific Corporation v. United States,* 2 Cl.Ct. 743, 748 (1983) (footnote omitted). *See also Osberg Construction Co. v. United States,* 3 Cl.Ct. 652, 654 (1983).