**STERLING–KATES PROPERTIES JOINT VENTURE**

v.

**The UNITED STATES.**

No. 602–81C.

United States Claims Court.

March 21, 1983.

Opinion on Motion for Reconsideration
April 21, 1983.

Reissued for Publication July 9, 1984.

John H. Tracy, Washington, D.C., for plaintiff. Gadsby & Hannah, Washington, D.C., of counsel.

Richard F. Silber, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. David M. Cohen and Thomas W. Petersen, Washington, D.C., of counsel.

**ORDER RE: DEFENDANT'S MOTION FOR LEAVE TO FILE PRETRIAL STATEMENT OUT–OF–TIME**

YANNELLO, Judge.

*Background*

At all times relevant to this order defendant's counsel has continued to be its present attorney of record.

On September 8, 1982, the trial judge issued a Standard Pretrial Order requiring submissions from the parties as follows: plaintiff's submission was due on November 15; defendant's submission and response was due within 60 days of receipt of plaintiff's submission; and plaintiff's response was due within 30 days of receipt of defendant's submission.

Presumably, immediately upon receipt of this pretrial order, counsel would note the schedule of proceedings required by such order.

Plaintiff's submission was timely received on November 15, and defendant's submission was then due on January 15, 1983.

Presumably, immediately upon receipt of plaintiff's pretrial submission, counsel would note that a responsive submission was due and, by referring to the pretrial order, could again note the due-dates for such proceedings.

Defendant, on December 23, 1982, filed a motion for leave to file an amended answer (asserting a counterclaim) which motion was granted.

At the time of filing its amended answer, and again on February 4, 1983, when plaintiff responded to the amended answer, counsel could be expected to check the status of this case to determine what further proceedings were appropriate.*

---

* The petition, filed in October 1981, questions the propriety of a termination for default of plain-

Notwithstanding all of the foregoing, defendant neither furnished its pretrial submission nor requested any enlargement of time as of March 1, 1983.

At that time, the judge advised the parties that, since defendant's time had expired and no pretrial submission had been received, the case was ready to go to trial based on the plaintiff's pretrial submission and the parties were requested to furnish a schedule of convenient dates for trial.

On March 9, 1983, defendant filed a motion for leave to file its pretrial submission out-of-time and alleged, in support thereof, that:

> counsel assigned to this matter neglected to record the date this submission was due on his calendar and, as a result, defendant's counsel was unaware that the time for filing this submission had passed.

Plaintiff responded in opposition on March 17, and noted that the defendant had failed to meet the criteria and the standards announced in *Whorton v. United States*, 1 Cl.Ct. 41 (1982) (Kozinski, C.J.).

### DISCUSSION

The *Whorton* decision, *supra*, while not binding on the court in all cases, nonetheless is well-reasoned and persuasive.

In the instant case particularly, the arguments offered in support of defendant's motion are meager to say the least. While these arguments point to obvious neglect on the part of counsel, they offer no explanation for such neglect—either excusable or inexcusable.

Moreover, as the background of this case clearly indicates, counsel has had a number of opportunities for noting the schedules of pretrial proceedings and can reasonably have been expected to take note of its due-dates on more than one occasion.

Accordingly, based on the motions now before it, the court issues the following order.

### DECISION

IT IS HEREBY ORDERED THAT defendant's motion for leave filed March 9, 1983, is DENIED.

The matter will proceed to trial, on the question of whether the default termination of plaintiff's contract was valid. Plaintiff will, of course, be required to sustain its burdens of proof, with the defendant entitled to full rights of cross-examination of the witnesses listed by plaintiff and scheduled to testify. However, defendant, having failed to submit a pretrial statement, will not be permitted to call additional witnesses or to introduce additional exhibits.

The plaintiff's pretrial statement was filed before the assertion of defendant's counterclaim, and might, in any case, not have initially addressed the subject of defendant's claims. Thus, the present trial will not address the questions raised by that counterclaim, but *if* it is determined that the default termination of plaintiff's contract was valid, further pretrial will be scheduled on the issues of whether the defendant is entitled to an assessment of excess reprocurement cost and, if so, the appropriate amount thereof.

### ON MOTION FOR RECONSIDERATION

On March 21, 1983, the judge issued an Order denying defendant's motion for leave to proceed with submission of its Pretrial Statement on Liability out of time.

By motion of March 29, the defendant seeks reconsideration of that Order. Plain-

---

tiff's contract. The counterclaim asserts defendant's right to recover excess reprocurement costs, assuming that the default termination was correct. The defendant, in its motion for leave to file an amended answer, noted that the final decision concerning the assessment of reprocurement costs was issued in April 1982, but that, for some unexplained reason, counsel was

not furnished with a copy until October 1982. Nonetheless, and again without explanation, defendant did not seek to assert the counterclaim for some two months, or until after plaintiff had submitted its pretrial statement (and it is not unreasonable to assume that the very receipt of plaintiff's pretrial submission called to defendant's attention the proceedings in this case.)

tiff responded in opposition on April 12, and defendant replied on April 14 and 19, 1983.

Defendant does not dispute the court's conclusion that the reasons set forth in defendant's motion for leave for its delay in complying with the original due dates for submission of its pretrial submission were insufficient to warrant a finding of excusable neglect, or other finding of justification.

■ Rather, defendant now seeks to be permitted to proceed with a pretrial statement and with the introduction of evidence at trial for the reason, essentially, that the court's order of March 21

[has] worked an extremely severe prejudice against defendant, wholly disproportionate to the inconvenience defendant's counsel's inadvertence has caused the court and plaintiff.

At the outset it must be noted that this is not a situation where a party, in good faith, submits a pretrial statement which is then exceeded during trial in order to meet the unforeseeable exigencies of such a proceeding. Nor is this a situation where the scope of pretrial, or the initial pleadings, is exceeded by the evidence by agreement of (or without objection by) the parties (*see, e.g.*, plaintiff's opposition to defendant's motion.)

More importantly, this is not a situation where a party is seeking an extension of time in which to file a pretrial submission and states, as one (but by no means controlling) element in support thereof, that the requested extension will not prejudice either the opposing party or the court.

Rather, this is a situation in which the party has wholly failed—without offering any justifiable excuse whatever for its neglect—to adhere to the court's order requiring the timely submission of a pretrial statement.

The defendant attempts to vitiate its earlier omission by proffering, out of time, the required pretrial statement, and by urging that it is merely proceeding in a somewhat extended period of time.

However, such a proffer would be cognizable only if the party were granted leave to proceed out of time, recognizing the excusable or justifiable nature of its initial neglect. Here, such leave has not been granted because defendant has not offered such justification.

■ The ultimate furnishing of a pretrial submission does not serve to eliminate the need for the delinquent party to establish that its failure to proceed in a timely manner, in accord with the court's orders, is justified and/or due to excusable neglect.

If, indeed, such eventual compliance were to satisfy such a requirement, there would be no reason to comply with court orders, schedules, or the rules in a timely manner and similarly there would be no need to file timely requests for enlargements of time when timely compliance was not possible.

Thus, defendant is in the same position as any party who totally failed to submit a pretrial submission.

The customary, and by no means unreasonable, sanction for such an omission is to provide that the party is prohibited from introducing at trial any evidence of which it failed to provide notice through the required pretrial submission. To apply the same sanction in the present situation is therefore entirely appropriate.

However, defendant's motion for reconsideration does raise some questions which it will be helpful to resolve before trial.

First, defendant contends that it will be unable to impeach plaintiff's witnesses.

This contention is inaccurate and in direct conflict with the express terms of the court's March 21 order. That order stated that defendant was "entitled to full rights of cross-examination of the witnesses listed by plaintiff and scheduled to testify".

■ This right of full cross-examination includes the right to confront witnesses with impeaching documentation, and such documentation may be admitted into evidence by defendant (to the extent consistent with the Federal Rules of Evidence, of

course) to the extent that it contains evidence pertinent to impeachment. (Where necessary, witnesses may also be called by defendant, for purposes of testifying directly or in connection with documents, directed solely to issues of impeachment.)

This is not to say that documents which merely set forth a set of facts contrary to those asserted by the witness can now be introduced by defendant as they might be as part of defendant's case-in-chief or direct case.

Second, defendant argues that the plaintiff has failed to list as proposed exhibits certain crucial documents without which the court will be unable to resolve this case and defendant thus urges that it must be permitted to introduce such documents.

This contention too is inconsistent with the court's March 21 order, in which it was stated that "plaintiff will, of course, be required to sustain its burdens of proof". Thus, if plaintiff has failed to identify documents essential to a resolution of this case, plaintiff may receive an adverse decision by virtue of its failure to sustain its burden of proof.

Such a decision adverse to plaintiff, necessitated by any failure to sustain appropriate burdens, is nonetheless a resolution of the case. It is thus not clear to what extent defendant might be correct in stating that no resolution of the case is possible in view of plaintiff's failure to list certain proposed exhibits or to what extent defendant merely anticipates a resolution but one which is adverse to its own interests.

Finally, defendant contends that plaintiff, being now aware of the court's order of March 21 and having now seen the defendant's proffered pretrial statement, will tailor its case to its own benefit in view of these developments. It should be noted that plaintiff listed its witnesses and proposed exhibits in its pretrial submission prior to these events. In any situation where one party lists witnesses and exhibits, the other party may thereby naturally rely upon the presence, at trial, of such individuals and documents without duplicating these lists. If any listed witnesses or exhibits are subsequently withdrawn by the party first to list them, such witnesses may be called and exhibits introduced by the other party who relied upon the initial listing. So too here, any witnesses or exhibits listed by plaintiff which are now withdrawn may be introduced by defendant since, even absent its own pretrial submission, defendant may be deemed to have relied upon their presence at trial by virtue of being included in plaintiff's submission.

Based on the foregoing, IT IS HEREBY ORDERED THAT defendant's motion for reconsideration is DENIED, and that trial will proceed on the entitlement claims asserted by plaintiff[1] in accord with the court's order of March 21 as further explained herein.

---

1. Defendant's motion for reconsideration addresses at length its counterclaim for an amount of over $11,000,000.00. This counterclaim asserts that, given a valid default termination of plaintiff, defendant is entitled to recover the excess costs of its reprocurement contract (with issues concerning the circumstances of its award, its scope, and other pertinent factors, as raised in plaintiff's reply to the counterclaim), and, as a matter of damages, that it is entitled to recover in the stated amount.

It should be reiterated that under the terms of the March 21, 1983, Order, the forthcoming trial is to be limited to issues of entitlement as asserted in the petition. Proceedings on additional issues of entitlement relating to the defendant's counterclaim were specifically exempted from the terms of that order, notwithstanding the fact that no order had, to date, been sought or granted pursuant to Rule 42(b) for separate trials. The counterclaim will thus be treated, as appropriate, following the forthcoming trial (giving due consideration to the outcome of that proceeding, the doctrine of res judicata, and other appropriate matters.)

However, it should be noted here that, while defendant attempts to illustrate the unfairness of the court's order by pointing to the magnitude of its counterclaim, these contentions also make it the more difficult to understand counsel's cavalier disregard of the scheduled due dates in any case of such magnitude.