**Douglas HEY, d/b/a/ Hey's Enterprises, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 137–82C.**

United States Claims Court.

July 9, 1984.

Walter C. Gage, Geneva, N.Y., for plaintiff.

Alvin A. Schall, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION DISMISSING FOR FAILURE TO PROSECUTE

YANNELLO, Judge.

On June 15, 1984, this court issued an Order to Show Cause as to why the petition should not be dismissed for failure to prosecute pursuant to Rule 41(b). Plaintiff has responded thereto (which response documents are the subject of a separate Order issued by the court on July 6, 1984).

In brief, the issues may be summarized as involving plaintiff's failure to comply with Orders of this court and with the Rules of the court.

Pursuant to Rule 16 of the Rules of the Court, the court issued a Pretrial Order on March 24, 1983, calling for a series of exchanges between the parties and submissions to this court. This Order contemplated the following: (1) an exchange between the parties designed to isolate the facts in controversy (Section I of the Order); (2) an exchange as outlined in Rule 16(a) to contain a statement of facts, controverted and uncontroverted, and other trial information such as lists of witnesses, exhibits, and preferred dates and location of trial (Section II of the Order); and (3) a final submission to the court of such statements and information. , It is with the second phase of these proceedings that we are now concerned.

The initial due date for the exchange of information as outlined in Section II of the court's Order pursuant to Rule 16(a) was November 26, 1983. The Order stated that, within the due date, each party was to forward its submission to the opposing party.

The defendant alone sought enlargements of time for its submission, and the time accorded defendant was accordingly extended to January 23, 1984. The plaintiff did not file any such motions for enlargement (pursuant to Rule 6), and accordingly its due date remained November 26, 1983.

In its response to the Order to Show Cause, plaintiff seems to have believed that the parties' submissions were to be simultaneous and that plaintiff's time, as well as defendant's time, was therefore extended by virtue of the court's grants of defendant's motions. Even if this were the case or if plaintiff's construction were to be deemed to be reasonable under the circumstances, plaintiff has nonetheless failed to comply with the order and the rules.

The due date, as enlarged for defendant's submission, was January 23, 1984. At that time defendant complied with the Order and furnished its submission to plaintiff. Plaintiff, however, did not furnish its submission to defendant as required by the Order, nor did plaintiff follow defendant's example and file a Motion for Enlargement as would be required by the Rules of the court.

The plaintiff should clearly have been aware of its delinquency in this regard in view of both the previous pattern of enlargement requests having been filed by defendant and also the timely receipt of the submission forwarded by defendant. Nonetheless, plaintiff took no action to bring itself into compliance with the court's Order or the Rules of the court with respect to its own submission.

Thereafter, the court's Order required a party to respond to the submission of the opposing party within 30 days and, hence, plaintiff's response to the defendant's submission was due on or about February 23, 1984. Again, plaintiff did not comply with

this portion of the court's Order, nor did it seek to file any Motions for Enlargement of time as required by the Rules of the Court whenever any act is required by court order.

Thus, plaintiff further delayed compliance with the court's Order, including the ultimate preparation of the submissions which were required to be filed with the court, and was further delinquent in its prosecution of this action.

At no time in the 90 days from February 23, 1984, through May 31, 1984, did plaintiff make any attempt to comply with the court's Order nor to file Motions for Enlargement and accordingly, on June 15, 1984, the Order to Show Cause was issued.

In response to this Order, the plaintiff has now advised the court that: plaintiff's counsel had several meetings with defendant's counsel (although the dates of these meetings are not stated); plaintiff's counsel had been unable to contact and verify several of the witnesses (although again the dates of these attempted contacts were not provided nor had plaintiff ever initiated any discovery or served any notice of intended depositions with respect to such witnesses); and that counsel had continually attempted to obtain various journals and other documentation allegedly relevant (although, again, in this respect to the extent the government may have been the source of such documentation, plaintiff apparently did not initiate formal discovery and at no time filed any motions to compel discovery with this court).

■ To whatever extent the reasons now advanced by plaintiff may have justified the granting of Motions for Enlargement if timely filed, these reasons are now wholly insufficient to set forth any reason (whether justifiable or otherwise) for plaintiff's counsel's neglect to file such Motions. Indeed, the filing of such Motions is not a mere ministerial or inconsequential act. It is required by the Rules to enable the opposing party to comment and to enable the court to determine, as the case progresses, whether such enlargements are appropriate, the extent of any such enlargements which may be appropriate, and indeed whether the implementation of any other companion rulings by the court or actions by the parties would serve to expedite resolution of the case. Plaintiff has not only failed to comply with the court's Pretrial Order but has failed to comply with the Rules requiring Motions for Enlargement and has, finally, failed to provide any justification whatever for the failure to file such Motions.

■ Noting plaintiff's deficiencies in this regard, and the opportunities which it had to take note of its delinquency, the court sees no reason not to dismiss this petition for failure to prosecute. The reasoning herein is parallel to that which was applied in unpublished Orders of this court in *Sterling-Kates v. United States*, 5 Cl.Ct. 398 (YANNELLO, J.; Order of March 21, 1983, re: Defendant's Motion; Order of April 22, 1984, re: Reconsideration).[1]

---

1. The court's Orders in *Sterling-Kates*, referred to in the text, differed from the instant Order only to the extent that evidentiary sanctions rather than dismissal was involved inasmuch as there the defendant had asserted no counterclaim on its own behalf which might be the subject of a dismissal and, with respect to the plaintiff's claim, a default judgment could not be entered. *See, e.g.*, Rule 55(e).

Orders such as those in *Sterling-Kates* and indeed the instant Opinion would not normally be published by the court inasmuch as they would be thought of as dealing with matters of little general interest. Indeed, the court would assume that such delinquencies would occur only very rarely if at all. However, where the

court perceives any unfortunate trend toward the disregarding of its Orders and Rules, as is evidenced in the instant case, it may be appropriate to publish such rulings for the guidance of parties in the future.

Accordingly, in addition to issuing the instant Opinion, the court intends to reissue the Orders in *Sterling-Kates*, cited in the text, for publication.

At the same time, the court notes that the parties cannot be heard to have relied upon the absence of any previous publication of any such rulings or Orders. The requirement that parties comply with the Rules of the court generally, and with specific Orders issued by it such as the Pretrial Order involved in the instant case,

## CONCLUSION OF LAW

For the foregoing reasons, it is concluded that plaintiff has failed to show just reason why the instant case should not be dismissed for failure to prosecute, pursuant to the Order to Show Cause issued June 15, 1984, and Rule 41(b). Accordingly, the petition shall be so dismissed with prejudice.

stands on its own and should need no further iteration by the court in individual cases.