**CBM ELECTRONIC SYSTEMS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 591–87C.**

United States Claims Court.

Feb. 8, 1989.

ORDER

SMITH, Chief Judge.

On September 23, 1987, plaintiff filed its complaint seeking $8,275,000 in damages

plus attorney fees. On December 23, 1987, the defendant filed its answer. Thereafter pursuant to Appendix G the parties were to file a Joint Preliminary Status Report (JPSR), no later than 42 days after the service of the answer. The JPSR has not yet been filed. On April 6, 1988, the defendant filed a motion to dismiss. According to RUSCC 83.2(c) plaintiff had 28 days in which to file an opposition to the motion to dismiss. The opposition was not filed within the allowed time, and in fact, has not yet been filed.

Because the opposition and the JPSR were both out of time, the court ordered a status conference which was held on June 23, 1988. At that status conference, plaintiff's counsel represented an intent to file an opposition to the motion to dismiss. Plaintiff's counsel also agreed to get together with defendant's counsel to discuss the JPSR which had previously been submitted by the defendant for plaintiff's approval. These agreements were embodied in a June 24, 1988, order of the court ordering plaintiff to file its opposition no later than July 22, 1988, and ordering the parties to file the JPSR no later than July 22, 1988.

On July 28, 1988, plaintiff filed a motion to suspend the proceedings, which was returned unfiled because it was filed outside of the time in which the opposition was due. The parties also attempted to file the JPSR on July 28, 1988. It was also returned unfiled as it was due by July 22, 1988. Under normal circumstances, these items should have been accompanied by a motion to file them out of time. Neither the motion to suspend nor the JPSR was refiled under cover of a motion to file them out of time.

On December 14, 1988, the court issued an order requiring plaintiff's counsel to show cause no later than January 13, 1989, why the complaint should not be dismissed under RUSCC 41(b) for failure to prosecute. That order was not responded to although plaintiff's counsel did call the chambers on January 23, 1989, to say that he would file a motion to dismiss without prejudice pursuant to RUSCC 41(a). That motion was received by the court on January 26, 1989. It was not filed, however, because plaintiff did not comply completely with the provisions of RUSCC 41(a). The court then scheduled, by order of February 3, 1989, a status conference for Tuesday, February 7, 1989, at 3:00 p.m. in order to discuss plaintiff's Rule 41(a) motion. However, plaintiff's counsel was not present at his offices to receive the scheduled 3:00 p.m. telephone conference call.

The history of this case indicates to the court that plaintiff's counsel has at best been careless in prosecuting the case. The record is replete with untimely filings and disregard of this court's orders. Therefore, the court again, in a last ditch hope of returning this case to a proper and timely litigation track, directs plaintiff's counsel to show cause why the case should not be dismissed pursuant to Rule 41(b) for failure to prosecute. Plaintiff's counsel should be aware that such a dismissal is a dismissal on the merits and thus operates as a dismissal with prejudice.

Plaintiff's counsel is also directed to show cause why he should not be required to be physically present in court for all future proceedings in this case.

Plaintiff will be granted absolutely no enlargements of time in which to respond to this show cause order. Failure to respond by February 17, 1989, will result in an immediate dismissal on the court's next business day, Tuesday, February 21, 1989.