**CBM ELECTRONIC SYSTEMS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 591–87C.**

United States Claims Court.

Dec. 28, 1989.

Curtis L. Solomon, Washington, D.C., for plaintiff.

Donald Kinner, with whom were Mary Mitchelson, Asst. Director, and David M. Cohen, Director, Commercial Litigation Branch, Civil Div., and Stuart E. Schiffer, Acting Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

SMITH, Chief Judge.

On September 23, 1987, plaintiff filed its complaint seeking damages for the government's alleged breach of contract. Plaintiff also asked the court to award it Phase II of the contract at issue or, in the alternative, $4,000,000 in consequential damages resulting from the allegedly tortious acts of government officials in not awarding plaintiff Phase II of the contract. In the 26 months since the complaint was filed, there has been virtually no progress in this litigation, due to plaintiff's counsel's failure to cooperate with the court and with opposing counsel. On October 24, 1989, defendant filed a motion to dismiss the complaint for failure to prosecute under RUSCC 41(b). For the reasons set forth below, defendant's motion is granted.

### FACTS [1]

On September 23, 1987, plaintiff filed the complaint in this case, alleging breach of contract, tortious acts by government officials, that it was improperly denied a contract, and that certain government employees should be enjoined from contract work.

---

1. The court has reviewed the record, and herein adopts defendant's statement of the history of this litigation. To the extent that defendant's version of the facts recounts things which the court cannot verify independently—e.g., plaintiff's counsel's refusal to return telephone calls and to cooperate in discovery—the court simply notes that plaintiff's counsel has failed even to respond to defendant's motion to dismiss. Since plaintiff's counsel has declined to put his version of the events before the court, the court can only assume that defendant's statement of the facts of the case is accurate.

After receiving a litigation report, and upon review of the complaint, defendant's counsel contacted plaintiff's counsel on November 9, 1987, to inform plaintiff's counsel that plaintiff had not submitted a claim to the contracting officer and that the government believed that the court lacked jurisdiction over the complaint.[2]

Plaintiff's counsel took no action concerning plaintiff's claim or its complaint. Defendant's counsel sought out plaintiff's counsel on December 18, 1987, to inquire as to the status of any claim plaintiff intended to submit to the agency, as well as plaintiff's counsel's actions concerning the complaint. Defendant's counsel informed plaintiff's counsel that defendant would file a motion to dismiss the complaint if no motion to suspend proceedings was filed by plaintiff. Plaintiff's counsel agreed to take action to cure the jurisdictional defects of its complaint, but failed to do so. Plaintiff's counsel did evidence interest in receiving responses to plaintiff's discovery requests.

Defendant's answer was filed December 23, 1987.[3] Shortly after filing its answer, defendant provided responses to plaintiff's discovery requests. On February 1, 1988, defendant served defendant's first set of interrogatories and requests for production of documents upon plaintiff.

Notwithstanding that the rules of the court provide for plaintiff's counsel to initiate the early meeting of counsel and to produce the joint preliminary status report (JPSR), defendant's counsel undertook these efforts in order to file this report within the time required by the rules. Defendant's counsel forwarded to plaintiff's counsel a fully executed JPSR, complete with a certificate of service indicating service upon defendant. Plaintiff's counsel needed only to sign this document and place it in the mail with a copy to defendant's counsel, but he failed to do even this.

Over the succeeding months, defendant's counsel attempted to contact plaintiff's counsel a number of times concerning obtaining responses to defendant's discovery requests and the actions to be taken to cure the defects in plaintiff's complaint. Plaintiff's counsel, however, was constantly unavailable. There were no responses to defendant's discovery requests, no returned telephone calls, and nothing filed by plaintiff with the court. Simply put, plaintiff's counsel was not heard from again.

On April 4, 1988, defendant filed a motion to dismiss the complaint because the court lacked subject matter jurisdiction. Defendant based its motion on plaintiff's failure to submit a certified claim to the contracting officer. The submission of a certified claim to the contracting officer is, of course, a jurisdictional prerequisite to a direct access suit under the Contract Disputes Act. *See* 41 U.S.C. § 605(c). The complaint also sought relief in areas specifically excluded from the court's jurisdiction. On April 12, 1988, defendant also filed a motion to suspend discovery. Although defendant had intended to file a motion to compel responses to defendant's discovery requests, it believed that a suspension of discovery would more appropriately conserve the time and resources of both the defendant and the court. The court later granted defendant's motion to suspend discovery on April 7, 1989, pending disposition of defendant's motion to dismiss.

Plaintiff filed no response to defendant's motion to dismiss. Plaintiff served no response to defendant's discovery requests. On May 18, 1988, however, plaintiff submitted to the court a request "to extend the time for any and all responses not previously submitted to date." Clearly this was

---

2. Although the court would have no jurisdiction to act upon this complaint, defendant's counsel suggested to plaintiff's counsel that he suspend the proceedings in the case in order to permit plaintiff to perfect its contract claim, if any, and to amend its complaint to remove the non-contract claims. Plaintiff's counsel indicated that he would do this, but was most interested in receiving responses to plaintiff's discovery requests served with the complaint.

3. Defendant requested and received an enlargement of time in which to respond to the complaint and two enlargements of time in which to respond to plaintiff's discovery requests.

a motion out of time, however, no request for leave to file out of time accompanied this request. It is equally clear from that motion, however, that plaintiff's counsel had entirely abandoned this case and was unaware of "any and all responses" which had been due from plaintiff over the past several months.

The court called a status conference on June 23, 1988, at which plaintiff's counsel promised that he would file an opposition to defendant's motion to dismiss. Plaintiff's counsel also acknowledged receipt of the JPSR produced by defendant's counsel and that he would file that also. The court issued an order June 24, 1988, requiring plaintiff to file its opposition and the JPSR by July 22, 1988.

Nothing was filed by plaintiff on July 22, 1988. On July 27, 1988, plaintiff attempted to file a "Motion To Suspend Proceedings to Allow Government To Respond To Claim In Lieu Of Opposition To Motion To Dismiss." On July 28, 1988, the court directed the clerk of the court to return plaintiff's document unfiled because it was untimely, citing *Whorton v. United States,* 1 Cl.Ct. 41 (1982). Plaintiff made no attempt to refile this or any other document. Once again plaintiff's counsel disappeared.

On December 14, 1988, the Court issued an order requiring plaintiff to show cause, no later than January 13, 1989, why the complaint should not be dismissed for failure to prosecute. Plaintiff did not respond. Plaintiff later attempted to file a motion to dismiss the case without prejudice. Since that motion did not comply with RUSCC 41(a), the clerk of the court returned it to plaintiff unfiled. Plaintiff made no effort to refile this motion either.

The court scheduled a status conference for February 7, 1989. The parties were to appear by telephone. The conference could not be held, however, because plaintiff's counsel was unavailable to receive the scheduled call from the court.

On February 8, 1989, 16 Cl.Ct. 250, the court issued another order requiring the plaintiff to show cause why the complaint should not be dismissed for failure to prosecute. On February 17, 1989, plaintiff filed its "Response to Order to Show Cause With Respect to Involuntary Dismissal Pursuant to Rule 41(b)." There, plaintiff's counsel stated that he "accepts responsibility for what has occurred to date," and went on to say that "this court certainly cannot wish to hear a series of excuses from counsel." Therefore, plaintiff's counsel urged that plaintiff's failures to comply with the rules and the orders of the court should be forgiven and the case should proceed with a "new beginning." Plaintiff proposed a schedule to submit the JPSR by March 17, 1989, to respond to defendant's discovery requests by March 31, 1989, and to hold a status conference on April 21, 1989. This was, in essence, a motion for enlargement of time out of time. The court adopted this schedule, trusting counsel's commitments to comply with court orders and rules, in an order dated February 22, 1989. The court also required plaintiff to respond to defendant's motion to dismiss by March 31, 1989.

Plaintiff's counsel contacted defendant's counsel on March 17, 1989 to inquire whether defendant's counsel would file the JPSR if plaintiff's counsel could get it delivered to him that day. Defendant's counsel agreed. Very late in the day the document had not arrived at defendant's counsel's office. When contacted, plaintiff's counsel said that it had been sent. When plaintiff's counsel checked the address, defendant's counsel informed him that the Department of Justice had never resided at the address he had used. Moreover, the office of defendant's counsel had remained in the same building ever since this litigation was commenced. Plaintiff's counsel could not explain the error, but brought another copy of the JPSR to defendant's counsel, which was subsequently filed by defendant.

Plaintiff filed its opposition to defendant's motion to dismiss which acknowledged all the grounds for dismissal identified in defendant's motion. Defendant submitted a timely reply. Plaintiff also served its responses to defendant's discovery requests. The court then held argument upon defendant's motion. As a result the

court dismissed all portions of the complaint not pertaining to a contract claim. The court also suspended the case to permit plaintiff to perfect its claim before the contracting officer. Plaintiff was to file an amended complaint by June 2, 1989 reflecting the alleged certified claim. The court also scheduled a status conference for September 14, 1989.

Defendant's counsel received on June 6, 1989, plaintiff's undated motion for an enlargement of time to file its amended complaint. It contained an undated certificate of service. It was alleged in the motion that plaintiff's counsel had attempted to reach defendant's counsel concerning this request but was unsuccessful. Defendant's counsel, however, had received no telephone calls and no messages from plaintiff's counsel. Nonetheless, plaintiff filed its amended complaint on June 7, 1989.[4]

On September 14, 1989, plaintiff's counsel was, once again, not available to receive the scheduled conference call by the court.

## DISCUSSION

RUSCC 41(b) provides in part that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim." While dismissal is admittedly a harsh sanction, the court sees no alternative in the present case. Plaintiff's counsel's nonfeasance has made it impossible for the government to defend this case.

Plaintiff's counsel's "entire course of conduct reflected a callous disregard for the rules and regulations of the court and fell far short of the obligations an attorney owes to a court before which he is conducting litigation." *Kadin Corp. v. United States,* 782 F.2d 175, 176 (Fed.Cir.1986), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). "The power to invoke th[e] sanction [of dismissal with prejudice] is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the [court's] calendar." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962), *reh'g. denied,* 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962) (footnote omitted). *See also Anchor Estates v. United States,* 11 Cl.Ct. 578, 588 (1987) (dismissal warranted where plaintiff's responses to discovery requests showed that plaintiff had, after repeated delay, failed to prepare its case).

Here, plaintiff's counsel has repeatedly and without justification ignored court-imposed deadlines and court rules. The court has no choice but to dismiss this action with prejudice, in order to alleviate any further burden, on the court and on defendant, of continuing to carry this case on their respective dockets.

## CONCLUSION

The clerk is directed to enter judgment dismissing the complaint, with prejudice. Costs are awarded to the defendant. The clerk shall send a copy of this order directly to CBM Electronics Systems, Inc., in care of its chief operating officer.

---

**4.** It should be noted that the amended complaint contained a certificate of service dated June 7, 1989, and arrived at defendant's counsel's office June 9, 1989. The motion for enlargement of time arrived with an undated certificate of service on June 6, 1989. The amended complaint was due June 2, 1989.